**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NELSON M. MORALES, | No. 18-71866 |
| Petitioner, | Agency No. A075-615-036 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019[**]

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Nelson M. Morales, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

withholding of removal and deferral of removal under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

In his opening brief, Morales fails to challenge the agency's determination that, because he was convicted of a particularly serious crime, he is ineligible for withholding of removal. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver). Morales also fails to challenge the agency's denial of CAT relief. *See id.* Thus, Morales's withholding of removal and CAT claims fail.

We lack jurisdiction to consider Morales's contentions regarding IJ bias and the denial of the right to present evidence. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below). We also lack jurisdiction to consider Morales's contentions regarding ineffective assistance of counsel that he did not present to the agency. *See id.*

To the extent Morales challenges the BIA's March 20, 2019 order denying his motion to reopen, we lack jurisdiction to consider the challenge because Morales failed to file a timely petition for review as to that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the

date of the final order of removal."); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

We grant respondent's motion for leave to file out of time an opposition to petitioner's motion to transmit evidence.

We deny Morales's opposed motion to transmit evidence and we do not consider the materials attached to Morales's opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record underlying the BIA's decision).

Morales's motion for a stay of removal, filed August 22, 2019, is denied as moot.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**